# Cases

# FOURTH DEPARTMENT,

AT

## GENERAL TERM,

### June, 1877.

---

AMY J. ANDERSON, Respondent, *v.* JACOB VAN BUREN
AND OTHERS, Appellants.

*Mortgage — given by indorser of notes to secure the same — indorsee paying less than
the face of the notes — may recover on the mortgage their full amount.*

Jacob Van Buren sold to Joseph Van Buren a canal boat for $4,000, and took
from him for the price thereof, twenty-one promissory notes, secured by a
chattel mortgage upon the boat. Subsequently he sold the notes and mortgage
to Morgan Van Buren for $3,500, and gave to the latter a real estate mortgage
for $4,000 to secure the payment of the notes. *Held,* that Morgan was entitled
to enforce the real estate mortgage for its full amount, $4,000, less the amounts
received on the notes and realized from the sale of the boat under the chattel
mortgage, and that his security thereunder was not limited to the price paid
for the notes, $3,500.

APPEAL from the order of the County Court of Oswego county,
confirming the report of a referee in proceedings to distribute sur-
plus moneys, arising from a sale on a judgment in foreclosure.

There was a surplus arising from a sale on foreclosure of a mort-
gage, given by defendant to the plaintiff, of $1,946.69.

Claims to this surplus were made by Morgan Van Buren, Harlow
C. Le Roy, and by defendant Jacob Van Buren. Morgan Van Buren
claimed to be entitled to the surplus as holder and owner of a mort-

gage given to him by the defendant Jacob Van Buren and wife for the sum of $4,000, dated the 20th April, 1874. The condition of said mortgage was in the words following, viz.: "This grant is intended as a security for the payment of the sum of $4,000 and interest thereon from this date in manner following, viz.: In accordance with the terms of twenty-one promissory notes of even date herewith, made by Joseph Van Buren and payable to the order of Jacob Van Buren, and indorsed by him, to secure which said indorsement this mortgage is made and is collateral."

On the day of the date of said mortgage Jacob Van Buren, the mortgagor, was the owner of a chattel mortgage made by Joseph Van Buren upon the canal boat John Hobbs, given to secure the payment of $4,000, which amount was also embraced in the twenty-one notes. The notes and mortgage were given to secure the price of the boat, which had been sold by Jacob to Joseph.

On the 20th April, 1874, Jacob Van Buren sold and assigned to Morgan, for the sum of $3,500, said mortgage and notes, and on the same day Jacob and wife executed the mortgage under which Morgan claims to be entitled to the surplus, as collateral security to his indorsement on the notes above mentioned.

Prior to the 5th May, 1876, $1,089.70 had been paid on the notes, and on that day Morgan Van Buren, to whom had been assigned the mortgage on the boat and the twenty-one notes, took possession of said boat by virtue of the mortgage and sold her for $1,270.

The claim of Le Roy was upon a judgment, junior to the above-mentioned mortgage, for $500 and interest from the 4th October, 1876. The counsel for the judgment creditor requested the referee to find and decide, that the mortgage under which Morgan Van Buren claimed was given as collateral security for the payment of the chattel mortgage and promissory notes sold by Jacob to Morgan, and that it was at no time a lien upon the mortgaged premises for an amount greater than the sum which the mortgagee paid to the mortgagor, to wit, $3,500 and interest thereon.

The same judgment creditor and the mortgagor requested the referee to find and decide that all payments made to the holder and owner of the promissory notes, chattel mortgage and real estate mortgage, and the moneys received from the sale of the canal boat

inured to the benefit of the mortgagor in the real estate mortgage, and should be deducted from the $3,500, and that Morgan was entitled to no greater sum than the balance shown, by computation made in the manner requested.

The same claimants requested the referee to find and decide that there was unpaid on the mortgage under which Morgan claimed a price not exceeding $1,487.60.

The referee refused to find as requested in each of said requests, and the claimants excepted.

The referee found and decided that there was due on the notes transferred to Morgan Van Buren on the 5th May, 1876, $1,984.54, and that Morgan was entitled to the whole of the surplus money.

The exceptions taken on the hearing before the referee were heard by the County Court, and the report confirmed.

*Howe & Rice*, for the appellant.

*Pardus Piper*, for the respondent.

MULLIN, P. J.:

The twenty-one notes were given by Joseph Van Buren to Jacob, together with the chattel mortgage, to secure the payment of $4,000, being the amount which Joseph was to pay Jacob for the boat.

Jacob sold the notes, with his indorsement thereon, together with the chattel mortgage, to Morgan for the sum of $3,500, and he gave him the mortgage under which Morgan claims the surplus as collateral security to his indorsement. In other words, Morgan stepped into Jacob's shoes in the dealing between Joseph and Jacob. It follows that Jacob was entitled to have the avails of the boat applied in satisfaction of his liability on the notes, and was liable to Morgan only for what should remain unpaid upon the notes, after applying the avails of the sale of the boat. That sum Morgan was entitled to recover upon the real estate mortgage, and his lien was transferred from the land to the money. He was entitled to the amount out of the surplus money.

This amount the referee holds Morgan entitled to receive out of the surplus moneys.

The order must be affirmed, with ten dollars costs and disbursements.

Present — MULLIN, P. J., TALCOTT and SMITH, JJ.

Ordered accordingly.